UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SILVIA BARRIENTOS MOLLINA, on behalf of herself and all other similarly situated,<br>            Plaintiff | : <br>:<br>: | No: 16- cv-00859 |
| V. | : | |
| PERFECTION FOODS COMPANY, INC., MAXIMUM LABOR, INC., HAHN TRAN, and CHAVEZ GLADY,<br>            Defendants | :<br>:<br>: | |

## ANSWER AND AFFIRMATIVE DEFENSES FOR DEFENDANTS PERFECTION FOODS COMPANY, INC. AND HAHN TRAN

COME NOW the Defendants, Perfection Foods Company, Inc. and Hanh (misspelled by the Plaintiff as Hahn) Tran, and make this their answer with affirmative defenses to the Complaint of Silvia Barrientos Molina.

### JURISDICTION AND VENUE

1. Admitted.

2. Denied as a conclusion of law.

3. Admitted.

### PARTIES

4. Denied. The Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation.

5. Denied as a conclusion of law.

6. Admitted.

2114294_1

7. Admitted.

8. Admitted.

9. Admitted in part, denied in part. On information and belief, Chavez Glady is a misidentification of a principal in Maximum Labor, Inc.

10. Denied as a conclusion of law.

## FACTS

11. Admitted.

12. Admitted.

13. Admitted in part, denied in part. It is admitted that the Plaintiff worked performing manual labor in packaging food products at Perfection Foods Company, Inc.'s facility from 2014 until January 2015. The Defendants presently lack knowledge or information sufficient to form a belief about whether she did so prior to 2014. The remainder of this allegation is denied.

14. Admitted.

15. Denied.

16. Denied. The Plaintiff was paid through Maximum Labor, Inc., which was paid for the labor of the Plaintiff and other employees by Perfection Foods Company, Inc. after invoice, and based on accurate time records maintained. Perfection Foods Company, Inc. has paid all of the said invoices.

17. Denied.

18. Admitted in part, denied in part. It is admitted that Maximum Labor, Inc. employed other non-exempt workers. By way of further answer, the said employees:

    (a)  were supervised and directed in the performance of their work, in part, by Perfection Foods, Inc., at its facility;

    (b)  were subject to terms and work conditions that were, in part, established by Perfection Foods, Inc.;

    (c)  worked, primarily, on a part time basis, in that Maximum Labor, Inc. provided workers to Perfection Foods Company, Inc. for only three days each week. This part time engagement lasted, in the case of some employees, for a number of months or years.

    (d)  Performed manual labor at Perfection Foods Company, Inc.'s facility in production and/or packaging food products that involved repeated actions and did not require extensive training.

    (e)  Performed labor that was integral to Perfection Foods Company, Inc.'s production and packaging of food products.

19. Denied.

20. Denied.

21. Denied.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

22. It is admitted that the Plaintiff purports to assert a collective action pursuant to 29 U.S.C. §216(b). It is denied that the Plaintiff is entitled to do so.

23. Denied.

2114294_1

24. It is admitted that the Plaintiff purports to assert a class action pursuant to Fed. R. Civ. P. 23. It is denied that the Plaintiff is entitled to do so.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

### COUNT I
### (FLSA)

31. No response required.

32. Admitted.

33. Denied as a conclusion of law.

34. Admitted.

35. Admitted.

36. Admitted in part, denied in part. The FLSA entitles employees not subject to an exemption to pay as alleged.

37. Denied.

38. Denied.

### COUNT II
### (PMWA)

Case 2:16-cv-00859-BMS   Document 16   Filed 04/08/16   Page 5 of 7

2114294_1

39. No response required.

40. Admitted.

41. Admitted.

42. Admitted.

43. Admitted.

44. Admitted.

45. Admitted in part, denied in part. The FLSA entitles employees not subject to an exemption to pay as alleged in this averment.

46. Denied.

## AFFIRMATIVE DEFENSES

1. At all material times, Defendants acted in good faith, and had reasonable grounds for believing that their conduct was in compliance with the law.

2. Any claims for any time prior to February 22, 2014 are barred by the applicable statute of limitations.

3. If the Plaintiff, or any employee, performed any "off the clock" work, such work was on that employees own initiative, in violation of the Defendants' policies, was unknown to the Defendants and was not reported to the Defendants.

WHEREFORE, Defendants Perfection Foods Company, Inc. and Hanh Tran request judgment in their favor and against the Plaintiff, with costs and such other relief as the Court finds appropriate.

2114294_1

## CROSSCLAIM AGAINST DEFENDANTS MAXIMUM LABOR, INC. AND GLADYS CHAVEZ (MISIDENTIFED BY THE PLAINTIFF AS CHAVEZ GLADY)

1. Defendant Maximum Labor, Inc. is a provider of contract labor, through which the Plaintiff was engaged to work at Perfection Foods Company, Inc.

2. In connection with that relationship, Maximum Labor, Inc., Gladys Chavez, and Perfection Foods Company, Inc. entered into a written contract, a true copy of which is attached as Exhibit A hereto.

3. Pursuant to the above described relationship, Maximum Labor, Inc. was responsible for the payment of all wages to the employees so engaged, and did pay them wages.

4. Perfection Foods, Inc. was, pursuant to Part 1.a. of the said written agreement, invoiced by Maximum Labor, Inc. for the amount of each employees wages, plus an additional fee or "up charge" of 20%.

5. Perfection Foods, Inc. paid each invoice in full, as required by Part 1.b. of the written agreement.

6. Pursuant to Part 3.b. of the written agreement, Maximum Labor, Inc. agreed to accept responsibility for all claims made by workers provided thereunder, and to hold Perfection Foods Company, Inc. harmless as to all such claims.

7. Pursuant to Part 4.d of the written agreement, Gladys Chavez agreed to hold Perfection Foods, Inc. harmless for any failure on the part of Maximum Labor, Inc. to fulfill its own obligations thereunder.

2114294_1

WHEREFORE, to the extent there is any liability on the part of either Perfection Foods Company, Inc., or Hanh Tran as its agent, or both, that liability was created by Maximum Labor, Inc. and its agent, Gladys Chavez, who are liable over to Perfection Foods Company, Inc. and Hanh Tran.

/s/William T. Wilson
William T. Wilson, ID#: 41793
MacELREE HARVEY, LTD.
17 West Miner Street
P.O. Box 660
West Chester, PA 19381-0660
phone: (610) 436-0100
fax: (610) 430-7885
e: wwilson@macelree.com

*Attorney for Defendants*
*Perfection Foods Company, Inc. and*
*Hahn Tran*