IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SILVIA BARRIENTOS MOLINA, on behalf of herself and all others similarly situated | : |
| | : |
| | : |
| Plaintiff, | :   2:16-cv-00859 |
| | : |
| v. | : |
| | : |
| PERFECTION FOODS COMPANY, INC., MAXIMUM LABOR INC., HANH TRAN, and GLADYS CHAVEZ, | : |
| | : |
| | : |
| Defendants. | : |
| | : |

## COLLECTIVE ACTION SETTLEMENT AGREEMENT AND RELEASE

Originating Plaintiff (as defined below) and Defendants (as defined below) STIPULATE and AGREE as follows:

1.     **Definitions.**  The following terms will have the following meanings:

 **"Action"** means the above-captioned class action lawsuit.

**"Agreement"** means this "Collective Action Settlement Agreement and Release."

**"Approval Date"** means the date on which the Court enters an order approving the Settlement as fair, reasonable, and adequate under the Fair Labor Standards Act.

**"Court"** means the United States District Court for the Eastern District of Pennsylvania.

**"Defendants"** means Perfection Foods Company, Inc., Maximum Labor Inc., Hanh Tran, and Gladys Chavez.

**"Defense Counsel"** means Blank Rome LLP and Semanoff Ormsby Greenberg & Torchia, LLC.

**"Originating Plaintiff"** means Silvia Barrientos Molina.

**"Parties"** refers jointly to Plaintiffs and Defendants.

**"Payout Amount"** means, for each Plaintiff, the amount listed in Exhibit A and totaling $112,500.00.[1]

**"Plaintiffs"** means Originating Plaintiff and the additional 19 individuals listed on Exhibit A.

**"Plaintiffs' Counsel"** means Winebrake & Santillo, LLC and Community Legal Services of Philadelphia.

**"Released Parties"** means Defendants and any of their parents, franchisors, partners, subsidiaries, affiliates, predecessors, agents, employees, successors, heirs, spouses, family members, administrators, executors, partners, assigns, representatives, or other persons or entities acting on Defendants' behalf.

**"Settlement"** means the terms and conditions described in this Agreement.

**2.      Maximum Settlement Amount.**   Defendants' maximum monetary payment of $160,000.00 to fund the Settlement will consist of the following: (i) payments to Plaintiffs totaling $112,500.00 pursuant to Section 6 below plus any payroll taxes and withholdings ordinarily borne by employers on these amounts;[2] and (ii) a payment of up to $47,500.00 payable to Plaintiffs' Counsel pursuant to Section 7 below.   No portion of the Maximum Settlement Amount will revert back to Defendants.

**3**.      **Conditions Precedent.**   This Settlement is conditioned on: (i) passage of the Approval Date; and (ii) Defendant Perfection Foods Company, Inc. making all payments as required under Section 2.

**4**.      **Release.**   Upon passage of the Approval Date, each Plaintiff (on behalf of

---

[1]These amounts to Plaintiffs will be enhanced *pro rata* if the Court disapproves any portion of Plaintiffs' Counsel's requested attorney's fees and expenses.

[2]   *See* Footnote 1 above.

himself/herself and his/her heirs, spouses, executors, assigns, and representatives) releases and forever discharges the Released Parties from all legal or equitable claims arising prior to May 10, 2017 and alleging unpaid or miscalculated wages (and/or seeking related remedies) under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101, *et seq.*, the Pennsylvania Wage Payment & Collection Law, 43 P.S. §§ 260.1, *et seq.*, or any other federal, state, or local statute, regulation, rule, or common law theory, including, but not limited to, all claims asserted in the Action.  This release is contingent upon Defendant Perfection Foods Company, Inc.'s fulfillment of its payment obligations under Sections 6 and 7.

5.      **Plaintiffs' Obligation to Provide Completed IRS Forms W-4 and W-9.**  Each of Plaintiffs acknowledge that they are required by law to provide Defendant Perfection Foods Company, Inc. with a valid and complete IRS Form W-4 and IRS Form W-9.  Plaintiffs' counsel shall therefore use reasonable efforts to obtain a valid and complete IRS Form W-4 and IRS Form W-9 from each Plaintiff.   Within fourteen (14) days following the Approval Date, Plaintiffs' Counsel shall (a) provide Defendant Perfection Foods Company, Inc. with any IRS Forms W-4 received from Plaintiffs and (b) provide Defendant Perfection Foods Company, Inc. with a valid and complete IRS Form W-9 for each Plaintiff or, in the event that one or more Plaintiffs refuses or neglects to provide a valid and complete IRS Form W-9, or is otherwise unable to acquire the Social Security Number or Taxpayer Identification Number necessary to provide a valid and complete IRS Form W-9, provide Defendant Perfection Foods Company, Inc. with an affidavit setting forth in reasonable detail their efforts to obtain valid and complete IRS Forms W-9 from such Plaintiff(s).

6.      **Payments to Plaintiffs.**   Within seventeen (17) days after receiving the

documents required by Section 5 (or, if later, within seventeen (17) days of the Approval Date), Defendant Perfection Foods Company, Inc. will issue and deliver to Plaintiffs' Counsel two (2) checks (or payments in another form as mutually agreed upon by Parties) for each Plaintiff, which combined will total each Plaintiff's gross Payout Amount.  The first check will be in the form of a payroll check payable to each Plaintiff in the gross amount equal to 50% of his/her Payout Amount.  From this amount, Defendant Perfection Foods Company, Inc. will withhold all applicable federal, state, and local taxes and withholdings ordinarily borne by employees pursuant to its ordinary payroll practices; for those Plaintiffs who do not provide a valid IRS Form W-4, Perfection shall withhold taxes as if those Plaintiffs were single and claiming no withholding allowances.  Any taxes and withholdings ordinarily borne by employers shall be paid separately by Defendant Perfection Foods Company, Inc.  The second check will be a non-payroll check payable to each Plaintiff in the gross amount equal to 50% of his/her Payout Amount.  Plaintiffs' Counsel will promptly send these checks to Plaintiffs.  Plaintiffs' Counsel will make all good faith and reasonable efforts to deliver these checks to Plaintiffs.  Defendant Perfection Foods Company, Inc. shall provide Plaintiffs' Counsel with a list of any checks that remain uncashed as of one-hundred and eighty (180) days after the Approval Date.  This list shall be sent to Plaintiffs' Counsel within one-hundred and ninety (190) days after the Approval Date.  If any check remains uncashed two-hundred and eighty (280) days after the Approval Date, the funds associated with the check will be forfeited by Plaintiffs and the underlying funds will be donated half to The Philadelphia Bar Foundation and half to Project Vietnam.  At the end of the tax year in which these checks are issued, Defendant Perfection Foods Company, Inc. will issue and mail (pursuant to its ordinary business practices) to each Plaintiff an IRS Form W-2 and IRS Form 1099 concerning these payments.  To assist with this process, Plaintiffs' Counsel

will provide the most updated mailing addresses it has for Plaintiffs. Each check will contain the following endorsement  on the back of the check: "By signing this check, the named payee releases and forever discharges the Released Parties from all legal or equitable claims arising prior to May 10, 2017 and alleging unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101, *et seq.*, the Pennsylvania Wage Payment & Collection Law, 43 P.S. §§ 260.1, *et seq.*, or any other federal, state, or local statute, regulation, rule, or common law theory, including, but not limited to, all claims asserted in the Action."

7. **Payment of Plaintiffs' Counsel's Fees and Expenses.**  Plaintiffs' Counsel will seek (and Defendants will not oppose) Court approval of fees and expenses of $47,500.00.  The Settlement is ***not*** contingent upon the Court's approval of this amount.  Within seventeen (17) days of the Approval Date, Defendant Perfection Foods Company, Inc. will issue and deliver to Plaintiffs' Counsel a non-payroll check made payable to Winebrake & Santillo, LLC and equaling any Court-approved fees and expenses.  Defendant Perfection Foods Company, Inc. will issue to Winebrake & Santillo, LLC an IRS 1099 Form reflecting this payment.  Plaintiffs' Counsel is solely responsible for the payment of any taxes associated with this payment.  If the Court disapproves any portion of Plaintiffs' Counsel's requested fees or expenses, the disapproved monies will be used to enhance, on a *pro rata* basis, the Plaintiffs' Payout Amounts listed in Exhibit A.

8. **Court Approval.**  For purposes of seeking Court approval of the Agreement, the parties will agree to consent to the jurisdiction of Magistrate Judge Jacob P. Hart pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.  Within seven (7) days of the Parties executing the Agreement, Plaintiffs' Counsel will seek the Court's Approval of the Settlement.  Plaintiffs'

Counsel will ask that the Court utilize a proposed order substantially in the form attached as Exhibit B.

9. **Entire Agreement.**  This Agreement embodies the entire agreement between the Parties and controls over any prior communications.  In entering into the Settlement, no Party has relied on any representations not explicitly contained in this Agreement.

10. **Successors.**  The Settlement and this Agreement will inure to the benefit of and be binding upon the Parties' heirs and successors.

11. **No Admissions.**  Nothing in this Agreement constitutes an admission or suggestion of liability by any Party.  Defendants deny any wrongdoing and continues to assert that, absent this Settlement, they ultimately would prevail in the Action.

12. **Court Approval Not Obtained.**  If the Court does not approve the Settlement, the Parties' litigation positions will return to the *status quo ante* and, for example, Defendants will not have waived, compromised, or impacted any objections or defenses to Plaintiffs' claims or the propriety of collective litigation.

13. **Duty to Defend.**  The Parties and their counsel will support the Agreement against any legal challenge.

14. **Warranty of Authority.**  Each signatory to this Agreement warrants and represents that he/she is competent and authorized to enter into this Agreement on behalf of the Party that he/she purports to represent.

15. **Applicable Law.**  This Agreement shall be governed and construed pursuant to Pennsylvania law.

16. **Written Modifications.**  This Agreement may not be modified except by a written agreement signed by all Parties and upon approval by the Court.

**17.**    **Execution.**    This Agreement may be executed in counterparts that, taken together, will constitute the entire Agreement.

*[SIGNATURES ON FOLLOWING PAGE]*

**IN WITNESS WHEREOF,** and intending to be legally bound, the Parties execute this

Agreement on the dates indicated below:


*Silvio Barrientos molino*                     9/12/17
_____           _____
Silvia Barrientos Molina                          Date

*R. W. S+*                                       9/7/17
_____           _____
Winebrake & Santillo, LLC                        Date

_____           9/7/17
_____           _____
Community Legal Services of Philadelphia          Date


_____           _____
Perfection Foods Company, Inc.                    Date


_____           _____
Hanh Tran                                        Date


_____           _____
Blank Rome LLP                                   Date


_____           _____
Maximum Labor Inc.                               Date


_____           _____
Gladys Chavez                                    Date


_____           _____
Semanoff Ormsby Greenberg & Torchia, LLC         Date


- 8 -

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties execute this

Agreement on the dates indicated below:

_____          _____
Silvia Barrientos Molina                               Date


_____          _____
Winebrake & Santillo, LLC                            Date


_____          _____
Community Legal Services of Philadelphia          Date


_____          _____10/4/17_____
Perfection Foods Company, Inc.                       Date


_____          _____10/4/17_____
Hanh Tran                                                      Date


_____          ____10/4/17_____
Blank Rome LLP                                          Date


_____          _____
Maximum Labor Inc.                                      Date


_____          _____
Gladys Chavez                                             Date


_____          _____
Semanoff Ormsby Greenberg & Torchia, LLC          Date


- 8 -

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties execute this Agreement on the dates indicated below:

_____        _____
Silvia Barrientos Molina                Date

_____        _____
Winebrake & Santillo, LLC               Date

_____        _____
Community Legal Services of Philadelphia   Date

_____        _____
Perfection Foods Company, Inc.          Date

_____        _____
Hanh Tran                               Date

_____        _____
Blank Rome LLP                          Date

_____        _____
Maximum Labor Inc.                      Date   9/12/17

_____        _____
Gladys Chavez                           Date   9/12/17

_____        _____
Semanoff Ormsby Greenberg & Torchia, LLC   Date   9/18/17

- 8 -

# EXHIBIT A

| Name | Payment Amount |
|------|----------------|
| Silvia Barrientos Molina | $10,344.69 |
| Teresa Duque | $8,084.25 |
| Leslie Sosa | $370.71 |
| Kenia Guerra | $1,583.90 |
| Epifanio Hernandez | $1,876.08 |
| Daliesha Hernandez | $9,933.26 |
| Gerson Banegas | $8,698.62 |
| Delores Madrid | $10,440.78 |
| Sara Lopez Garcia | $11,431.91 |
| Sandra Garcia | $7,727.08 |
| Bessy Nunez | $8,208.71 |
| Maria Marquez | $7,387.36 |
| Suzzie Paramito | $3,032.41 |
| Ruth Rocha | $696.19 |
| Juan Otero | $1,614.92 |
| Fredesvinda Cruz Leon | $3,025.53 |
| Jackieline Melendez | $13,007.21 |
| Nicole Melendez | $565.08 |
| Nikauris Matos | $3,471.32 |
| Victoria Pacheco | $1,000.00 |
| **TOTAL** | **$112,500.00** |

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| SILVIA BARRIENTOS MOLINA, on behalf of herself and all others similarly situated | : : : | |
|  | : | 2:16-cv-00859 |
| Plaintiff, | : | |
| v. | : | |
|  | : | |
| PERFECTION FOODS COMPANY, INC., MAXIMUM LABOR INC., HANH TRAN, and GLADYS CHAVEZ, | : : : | |
|  | : | |
| Defendants. | : | |
|  | : | |

## ORDER

**AND NOW**, this _____ day of _____, 2017, based upon the representations of counsel during the May 10, 2017 settlement conference (Doc. 57) and consideration of the material terms of the agreed-upon settlement of this action, and having concluded, pursuant to 29 U.S.C. § 216(b), that the agreed-upon settlement of this action represents a fair and reasonable resolution of a *bona fide* dispute under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, it is hereby **ORDERED** that the settlement of this action is **APPROVED** and that this action is **DISMISSED WITH PREJUDICE.** The Court retains jurisdiction over this action for the purpose of enabling any of the settling parties to apply to this Court for such further orders and directions as may be necessary and appropriate for the construction, modification, or enforcement of the settlement agreement.

BY THE COURT:

_____
JACOB P. HART, MJ